IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| LISA JOHNSON,<br><br>                      Plaintiff,<br>v.<br><br>UNITED AUTO WORKERS-LABOR EMPLOYMENT AND TRAINING CORPORATION,<br><br>                      Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO DISMISS**<br><br>Case No. 1:15-cv-0099-BCW<br><br>Magistrate Judge Brooke Wells |

       The parties have consented to having United States Magistrate Judge Brooke C. Wells conduct all proceedings in this case, including the entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[1] Before Court is the Defendant's Motion to Dismiss for Failure to State a Claim and for Lack of Jurisdiction.[2] Oral argument was held on this Motion on December 10, 2015.[3] At the hearing, Plaintiff Lisa Johnson ("Plaintiff") was represented by Philip C. Patterson and Defendant United Auto Workers-Labor Employment and Training Corporation ("UAW-LETC" or "Defendant") was represented by Gening Liao and Arthur Sandack. At conclusion of oral argument, the Court took the motion under advisement.[4] Upon further consideration of the parties' arguments, briefs, and relevant legal authority, the Court issues the following Memorandum Decision and Order.

---

[1] Docket no. 17.

[2] Docket no. 6.

[3] Docket no. 23.

[4] *Id.*

## BACKGROUND

Plaintiff Lisa Johnson files this lawsuit against Defendant United Auto Workers-Labor Employment and Training Center ("UAW-LETC") alleging sexual harassment and gender discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2(a) and 3(a). UAW-LETC operates a facility in Clearfield, Utah where Plaintiff was employed from July 1, 2011 until October 10, 2013, when she resigned. During her tenure at UAW-LETC, Plaintiff was employed as the Administrative Assistant to the facility director Harvard Brenner. Following her separation from UAW-LETC, Plaintiff filed a charge of discrimination with the EEOC. In her Amended Charge of Discrimination, received by the EEOC on January 28, 2014, Plaintiff alleged in pertinent part:

> the discriminatory behavior I was subjected to includes, the Director [Mr. Brenner] continually changing my job description, being required to work additional hours without being compensated, and frequently being belittled by the Director. In addition, when I attempted to address issues and suggestions to the Director I was disregarded and treated as being incompetent. While the Director was abrasive and often times uncivil to other employees, these employees were not subjected to the ridicule, caustic comments and belittling speech to which I was subjected.[5]

On May 7, 2015, the EEOC issued Plaintiff a "Notice of Right to Sue." On August 7, 2015, Plaintiff exercised her right to sue and filed the Complaint in the present lawsuit. Plaintiff's Complaint alleges two causes of action: (1) Sexual Harassment and (2) Gender Discrimination. According Plaintiff's Complaint:

> From July 1, 2011 forward, the defendant UAW-LETC subjected the plaintiff Johnson to unwelcomed and on-going gender based harassment which included but which was not limited to the following: (a) being the object of repeatedly uttered/published derogatory gender based slurs offensive jokes, epithets, intimidation, ridicule and mockery; and (b) being chronically denied workplace bestowed benefits and privileges which were routinely provided by Mr. Brenner to male employees and to younger aged female employees while

---

[5] Exh. 1, docket no. 6.

ignoring/violating employer published personnel policies and procedures.  The unwelcomed gender based harassment of the defendant UAW-LETC was severe and pervasive and subjected the plaintiff Johnson to severe emotional distress and anguish.[6]

Plaintiff further alleges that her resignation from UAW-LETC constituted a constructive discharge.  Plaintiff requests back and front pay, compensatory damages, punitive damages, attorney's fees and costs and general relief.

## ANALYSIS

In its Motion to Dismiss, UAW-LETC argues that Plaintiff's complaint should be dismissed for two reasons: First, Plaintiff failed to exhaust her administrative remedies because her Complaint contains allegations that were not included in, and are not reasonably related to, her charge to the Equal Employment Opportunity Commission ("EEOC").  Second, Plaintiff's Complaint fails to state a claim upon which relief can be granted because it consists almost entirely of vague generalizations and legal conclusions, and lacks any supporting facts or details which, if true, would establish a plausible claim for gender based harassment or discrimination.

### A.   Failure to Exhaust Administrative Remedies

Pursuant to 12(b)(1) of the Federal Rules of Civil Procedure, UAW-LETC moves to dismiss Plaintiff's Complaint asserting a lack of subject matter jurisdiction because Plaintiff has failed to exhaust her administrative remedies.  Specifically, UAW-LETC argues that allegations contained in Plaintiff's Complaint were not included in nor are reasonably related to her EEOC charge.

"Exhaustion of administrative remedies is a 'jurisdictional prerequisite to suit under Title VII.'"[7]  In addition, "when an employee seeks judicial relief for incidents not listed in his original

---

[6] Docket no. 2 at ¶ 9-10.

[7] *Jones v. Runyon*, 91 F.3d 1398, 1399 (10th Cir. 1996).

charge to the EEOC, the judicial complaint nevertheless may encompass any discrimination like or reasonably related to the allegations of the EEOC charge."[8] Thus, the Court is tasked with examining both Plaintiff's original charge to the EEOC and her Complaint in order to determine whether the issues she has raised were both new and unrelated to the EEOC charge as UAW-LETC argues--which in turn defeats the Court's subject matter jurisdiction.

Here, in examining both the EEOC charge and the Complaint, both Complaints alleged harassment by Plaintiff's supervisor Mr. Brenner. However, Plaintiff's Complaint is not limited to acts only by Brenner. Paragraphs 9 and 10 of the Complaint allege harassment and discrimination by "defendant UAW-LETC" but do not specify any particular person or persons who are responsible for the discrimination. Therefore, the Court agrees with UAW-LETC that to the extent Plaintiff's Complaint alleges harassment by anyone other than Brenner, the Court lacks subject matter jurisdiction because Plaintiff failed to exhaust her administrative remedies as to other individuals. Therefore, Plaintiff's claims against "UAW-LETC" fail as she can only bring suit against Brenner.

Next, Plaintiff argues "[u]nexhausted EEOC discrimination claims, if any, stated by Ms. Johnson within her Complaint are like and reasonably related to the charges made by Ms. Johnson within her EEOC amended charge."[9] However, the Court agrees with UAW-LETC's arguments that the acts of harassment alleged in Plaintiff's Complaint are not the type of actions alleged in the EEOC charge nor are they "reasonably related." The alleged acts of harassment identified in Plaintiff's EEOC charge are: "the Director continually changing my job description, being required to work extra hours without being compensated, and frequently being belittled by the Director" and Plaintiff was subjected to "ridicule, caustic comments, and

---

[8] *Id.* (quoting *Ingels v. Thiokal Corp.*, 42 F.3d 616, 625 (10th Cir. 1994).

[9] Docket no. 18.

belittling speech." On the other hand, Plaintiff's Complaint alleges that unidentified persons subjected Plaintiff to "repeatedly uttered/unpublished derogatory gender based slurs, offensive joke epithets, intimidation, ridicule and mockery." True, in both the EEOC charge and the Complaint, the word "ridicule" is used. However, Plaintiff's Complaint is too vague for the Court to determine whether this is the same type of "ridicule" is alleged or is reasonably related.

Further, the Court finds UAW-LETC's citation and argument under *Jones v. U.P.S, Inc.*, (where the 10th Circuit emphasized that the Court's inquiry is limited to "the scope of the administrative investigation that can reasonably be expected to follow from the discriminatory acts alleged in the administrative charge") to be particularly persuasive.[10] According to the Agency's Determination and Order March 5, 2015, attached to UAW-LETC's Reply Brief,[11] the scope of the EEOC investigation did not include a hostile work environment claim based on gender-based slurs or offensive jokes, or that Plaintiff was denied work-related privileges and benefits. In addition to not exhausting her administrative remedies with regard to employees other than Brenner, Plaintiff has failed to exhaust her administrative remedies with regard to the allegations contained in the Complaint because they are beyond the scope of her Amended EEOC charge and the investigation conducted by the EEOC. The Court further finds that the allegations in the Complaint are not reasonably related to the allegations contained in the EEOC charge. Therefore, the Court lacks subject matter jurisdiction over the allegations contained in Plaintiff's Complaint because Plaintiff has not exhausted her administrative remedies on her claims for sexual harassment and gender discrimination as alleged in the Complaint.

---

[10] 502 F.3d 1176, 1186 (10th Cir. 2007).

[11] The Court finds it may properly consider the Labor Commission's Determination and Order because it is central to a determination as to whether or not this Court has subject matter jurisdiction based upon whether Plaintiff has exhausted her administrative remedies

**B.     Failure to State a Claim Upon Which Relief Can be Granted**

Although the Court has found that it lacks subject matter jurisdiction over Plaintiff's Complaint, the Court also finds that Plaintiff has failed to state a valid claim upon which relief can be granted under Rule 12(b)(6).  To withstand a motion to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must have enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'"[12]  There are two working principles under this standard.  First, "…a court must accept as true all of the allegations contained in a complaint," but need not accept legal conclusions.[13]  "Thus, mere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim."[14]  Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss."[15]

In essence, a plaintiff must offer sufficient factual allegations to "raise a right to relief above the speculative level."[16] "Determining whether a complaint states a plausible claim for relief will…be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[17]  Therefore, in assessing a motion to dismiss, a court should disregard conclusory statements of law, even if they are couched as facts, and then consider whether the remaining specific factual allegations, if presumed to be true, plausibly provide a claim that the defendant is liable.

---

[12] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011)(quoting *Bell Atl. Corp. v Twombly*, 550 U.S. 544, 570 (2007)).

[13] *Id.* (internal quotations omitted).

[14] *Id.* (quoting *Twombly*, at 555).

[15] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

[16] *Twombly*, at 555.

[17] *Iqbal,* 556 U.S. at 679.

Here, Plaintiff argues "UAW-LETC's Rule 12(b)(6) motion undertakes to impose upon Ms. Johnson a heightened level of fact pleading which would obligate her to include all facts necessary to establish the prima facie elements of her discrimination claims."[18] In *Khalik v. United Air Lines*,[19] the 10th Circuit concluded "the *Twombly/Iqbal* standard is a 'middle ground, between heightened fact pleading, which is expressly rejected, and allowing complaints that are not more than labels and conclusion or a formulaic recitation of the elements of a cause of action/which the court stated will not do."[20] Upon review of the Complaint, the Court finds Plaintiff's compliant to be woefully deficient of facts and although Plaintiff continually argues that UAW-LETC has adequately been put on "notice" of Plaintiff's claims, it is clear that "notice" is not enough under Supreme Court and 10th Circuit precedent. Thus, for the essentially the same reasons argued by UAW-LETC and illustrated in more detail below, the Court finds that Plaintiff's Complaint is exactly the type of Complaint has been rejected by *Iqbal* and *Twombly*.

1. **Plaintiff's Claims for Relief contained in her Complaint**

Plaintiff's Complaint alleges two causes of action: (a) Title VII Sexual Harassment and (b) Title VII Gender Discrimination. The Court will examine both in turn.

a. **Title VII Sexual Harassment**

"[S]exual harassment is actionable under Tile VII only if it is so severe or pervasive as to alter the conditions of the victim's employment and create an abusive working environment."[21] To make this determination, the Court must look at the totality of the circumstances, 'including

---

[18] Docket no. 18.

[19] 671 F.3d 1188, 1191 (10th Cir. 2012).

[20] *Id*.

[21] *Clark Co. Sch. Dist. V. Breeden*, 532 U.S. 268, 270, 121 S.Ct. 1508 (2001)(internal quotations & citations omitted).

the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating; and whether it unreasonably interferes with an employee's work performance."[22]

Here, Plaintiff's Complaint makes examining the totality of the circumstances and the frequency, severity or extent of the statements to be practically impossible because the Complaint as UAW-LETC argues, is almost completely devoid of any actual facts because the allegations are so vague and conclusory. For example, Plaintiff does not specify who subjected her to the "derogatory, gender based, slurs, offensive jokes, epithets, intimation, ridicule and mockery." Nor does Plaintiff provide any context for the alleged statements, when and/or how many times within the roughly two-year period these statements were made, or how these statements made the workplace so severe or pervasive as to constitute sex discrimination. Therefore, the Court finds that Plaintiff has failed to alleged a plausible claim for relief under Rule 12(b)(6) for sex discrimination under Title VII. Similarly, the Court finds that Plaintiff's arguments with regard to "sex-plus" discrimination fail for the reasons contained in UAW-LETC's Reply Memorandum. Namely, Plaintiff has not and cannot establish through the allegations in the Complaint that she is a member of an identifiable subclass of women and she has not alleged enough facts to establish she was treated differently than similarly situated men. Moreover, sex-plus discrimination definitely goes beyond the scope of Plaintiff's EEOC charge.

    b.    **Title VII Gender Discrimination**

In order to state a claim for discriminatory termination under Title VII, Plaintiff must demonstrate: (1) plaintiff was subjected to adverse employment action; (2) plaintiff's job performance was satisfactory at the time of the adverse employment action; and (3) there are

---

[22] *Id*. at 270-271 (internal quotations & citations omitted).

additional facts supporting an inference that the adverse employment action was based on a discriminatory motive.[23]

First, the Court finds Plaintiff's Complaint contains no actual facts as to exactly what "the adverse employment action" was she suffered—this is an essential element of her gender based discrimination claim.  Second, Plaintiff's arguments that her Complaint should not be dismissed because a jury should decide whetehr the alleged gender-neutral harassment by Brenner was in fact gender-based when viewed in context with other instances of gender-based discrimination fails because Plaintiff has not alleged any facts in which the Court can evaluate Plaintiff's argument.  Again, Plaintiff only provides vague, labels and conclusions that do not pass muster under Rule 12(b)(6).  Therefore, Plaintiff's Complaint should be dismissed.

## CONCLUSION AND ORDER

Because the Court has found that Plaintiff has failed to exhaust her administrative remedies and she has failed to alleged plausible claims for relief and amendment to the Complaint would be futile.  Therefore, the Court HEREBY ORDERS that

(1) Defendant's Motion to Dismiss under FRCP 12(b)(1) and 12(b)(6) is GRANTED and the Plaintiff's Complaint is DISMISSED *with prejudice*.

(2) The Clerk of Court is directed to close this case.

**IT IS SO ORDERED.**

DATED this 21 March 2016.

Brooke C. Wells
United States Magistrate Judge

---

[23] *Fischer v. Forestwood Co.*, 525 F.3d 972, 978 (10th Cir. 2008).